Clayton Plummer appeals from a judgment of the common pleas court finding him to be a sexual predator and sentencing him to a term of nine years in prison. He presents eight assignments of error for our review challenging his sentence, the constitutionality of the sexual predator law, and the adequacy of the hearing the court conducted prior to determining him to be a sexual predator. For the reasons which follow, we find no error and affirm the judgment of the trial court.
The record before us reveals that on October 21, 1996, a Cuyahoga County Grand Jury indicted Clayton Plummer for multiple counts of rape, kidnaping, and possession of criminal tools, arising out of Plummers rape of his twenty-three-year-old sister Megan Plummer. Initially, Plummer entered a plea of not guilty by reason of insanity, and after evaluation by the court psychiatric clinic, the court found him competent to stand trial. Following plea negotiations, Plummer entered a plea of guilty to one count of rape, and the state dismissed the remaining charges.
On June 30, 1997, the court conducted a sentencing hearing following its review of a presentence report, the report of the psychiatric clinic, and a victim-impact statement. Prior to imposing sentence, the court noted that Plummer planned the crime by purchasing condoms and handcuffs the night before, that Plummers substance abuse contributed to the crime, and that Plummer displayed cruelty by attempting to wrap telephone cable wire around his sisters neck and by restraining her with handcuffs. The court then determined Plummer to be a sexual predator, and imposed a sentence of nine years. Plummer now appeals from both the sentence and the sexual predator determination, and presents eight assignments of error for our review.
Plummers first assignment of error states:
 I. H.B. 180, AS APPLIED TO THE APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 This issue has been decided in State v. Cook (1998), 83 Ohio St.3d 404, where the syllabus reads:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Accordingly, this assignment. of error is overruled.
Assignments of error two, four, five, six, and seven state:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED THE APPELLANTS DUE PROCESS RIGHTS, BECAUSE THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE THE CALLING OF WITNESSES, THE PRESENTATION OF EVIDENCE, AND THE GUARANTEE OF THE RIGHT TO CROSS-EXAMINE THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT AND DUE PROCESS, GUARANTEED BY THE FIFTH
AND FOURTEENTH AMENDMENTS.
 VI. APPELLANTS RIGHTS PURSUANT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 9, WERE VIOLATED WHEN HE WAS SUBJECTED TO THE PROVISIONS OF H.B. 180, WHICH IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VII. THE APPELLANTS CONSTITUTIONAL RIGHTS AGAINST DOUBLE JEOPARDY GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
OF THE OHIO CONSTITUTION, WERE VIOLATED WHEN HE WAS SUBJECTED TO THE PROVISIONS OF H.B. 180.
These issues have been decided by a panel of our court in State v.Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ Ohio App.3d ___. Accordingly, in conformity with that opinion, we reject these contentions and overrule these assignments of error.
Our substantive review then of this case concerns only assignments of error three and eight. Plummers third assignment of error states:
 III. THE EVIDENCE IS INSUFFICIENT TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
Plummer argues that the court erred in determining him to be a sexual predator because he claims the state did not present clear and convincing evidence that he is likely to participate in sexually oriented offenses in the future, and that the hearing in this case violated his right to due process because the state did not call witnesses for him to cross-examine.
The state maintains that it presented clear and convincing evidence that Plummer is likely to engage in sexually oriented offenses in the future and that R.C. Chapter 2950 does not require the state to call witnesses.
The issue before us, then concerns whether the hearing complied with R.C. Chapter 2950, and whether the record of the hearing contains clear and convincing evidence that Plummer is likely to engage in sexually oriented offenses in the future.
We note at the outset that R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09(B)(2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offenders age;
 (b) The offenders prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
R.C. 2950.09(B)(3) provides the court is to then determine whether the offender is a sexual predator by clear and convincing evidence.
Our review of the record in this case reveals that the state presented evidence in the form of psychological reports which stated Plummer suffered from poly substance abuse and major depressive episodes, and contended that Plummer would be substantially likely to commit another sexually oriented offense if released from prison. Plummer never requested to present additional evidence or testimony. The court then specifically examined the statutory factors and stated in part:
 Looking at the factors under 2950.09 to determine whether or not this defendant is to be classified as a sexual predator, the court finds that the offender is age 26 without any prior criminal history. The age of the victim is-23. The offense involved a single victim, as opposed to multiple.
 The offender, in order to prevent the victims resistance, used handcuffs on this victim. The offender has not been adjudicated guilty of any prior sexual offense, nor has he participated in any programs for sexual offenders.
* * *
 The diagnosis is major depressive episodes, recurrent, as well as poly substance abuse. * * * From the nature of the offenders sexual activity with the defendant, this court finds that he did demonstrate a pattern of abuse, insofar as it was premeditated.
* * *
 Then there is the "whether the offender displayed or threatened cruelty." I believe he approached the victim with a cable or a wire, a telephone cable or wire, and attempted to wrap that around her neck. The victim at that time escaped; however, she fell during her flight, and before she could recover, the defendant produced the handcuffs and successfully restrained the victim with handcuffs.
 The additional behavioral characteristics that contributed to the offenders conduct is that this is a sibling of the defendant that, according to his statements to the court psychiatrist, he had long-standing jealousies of this sibling which contributed to this offense.
 Therefore, looking at the factors set forth by the legislature, I find that there are at least four of the factors involved there which would lead this court to a finding that the defendant was a sexual predator.
Our review of this record persuades us that the court conducted a hearing at which Plummer had the opportunity to testify, present evidence, or call witnesses; the court considered each of the statutory factors relating to a sexual predator determination; and the court found clear and convincing evidence Plummer likely to engage in sexually oriented offenses in the future. Thus, the court did not err in determining Plummer to be a sexual predator. Plummers third assignment of error is therefore without merit and is overruled.
Plummer's eighth assignment of error states as follows:
 VIII. THE RECORD DOES NOT SUPPORT A SENTENCE OF NINE YEARS AS THE EVIDENCE DOES NOT ESTABLISH THAT THIS OFFENSE IS OF A MORE SERIOUS NATURE THAN CONDUCT NORMALLY CONSTITUTING THE OFFENSE OF RAPE.
Plummer contends the court erred in sentencing him to a term of nine years because the record does not support the sentence. The state contends the court did not abuse its discretion in imposing a term of nine years because the record indicates the court properly considered the seriousness of the crime and Plummers continued threat to others in determining the sentence. The issue before us, then, is whether the court abused its discretion in imposing the nine year sentence.
We note at the outset that R.C. 2929.12(B) provides factors the court shall consider in imposing sentence and states in relevant part:
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offenders conduct is more serious than conduct normally constituting the offense:
* * *
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
 (6) The offenders relationship with the victim facilitated the offense.
Our review of the transcript of the sentencing hearing reveals the court considered that Plummer planned to and raped his sister, that he used a telephone cord and handcuffs to restrain her. The court also noted that Megan Plummer had been discharged from the Navy due to the rape, thus evidencing psychological and economic harm, and the court determined that Plummer had used his relationship with her to facilitate the crime. Accordingly, the court did not abuse its discretion when it sentenced Plummer to nine years. This assignment of error is without merit and is therefore overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., and
PATRICIA A. BLACKMON, J., CONCUR
PRESIDING JUDGE, TERRENCE O'DONNELL